UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**24-20164-CR-GAYLES/GOODMAN**
CASE NO. _____

18 U.S.C. § 2261A(2)(B)

UNITED STATES OF AMERICA

v.

**ALEXANDRE OVADIA,**

        **Defendant.**

_____/

FILED BY ___MP___ D.C.
Apr 23, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Cyber Harassment**
**(18 U.S.C. § 2261A(2)(B))**

Beginning in or around November 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 22, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALEXANDRE OVADIA,**

did, with intent to harass and intimidate another person, that is, R.M., use an interactive computer service and electronic communications service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, an immediate family member of that person, and a spouse of that person, in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT 2
## Cyber Harassment
## (18 U.S.C. § 2261A(2)(B))

Beginning in or around September 2023, the exact date being unknown to the Grand Jury, and continuing through on or about March 18, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALEXANDRE OVADIA,**

did, with intent to harass and intimidate another person, that is, M.K., use an interactive computer service and electronic communications service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, an immediate family member of that person, and a spouse of that person, in violation of Title 18, United States Code, Section 2261A(2)(B).

TRUE BILL

███████████████

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
ALTANESE PHENELUS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALEXANDRE OVADIA,

                    /
Defendant.

CASE NO.: 24-20164-CR-GAYLES/GOODMAN

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    ☒ 0 to 5 days              ☐ Petty
   II   ☐ 6 to 10 days             ☐ Minor
   III  ☐ 11 to 20 days            ☐ Misdemeanor
   IV   ☐ 21 to 60 days            ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-MJ-02679-TORRES
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of April 9, 2024
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Altandse Phenelus
Assistant United States Attorney
FL Bar No.    112693

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Alexandre Ovadia

**Case No**: _____

Counts # 1-2:

Cyber Harassment

18 U.S.C. § 2261A(2)(B)
* **Max. Term of Imprisonment: 5 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.